### In re COBB'S CONSOL. COS.

### In re CLAPP.

(District Court, D. Massachusetts.  May 12, 1916.)

### No. 20237.

1. BANKRUPTCY ☞20(1)—JURISDICTION OF BANKRUPT—BANKRUPTCY COURT— FUNDS.

   Where the trustee of a bankrupt corporation had in his possession a fund claimed by corporate creditors and also by creditors of an insolvent firm, the bankruptcy court has exclusive jurisdiction to decide the conflicting claims.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. ☞20(1); Courts, Cent. Dig. § 1331.]

2. PARTNERSHIP ☞181—CREDITORS—RIGHTS OF.

   Property of a member of a firm is liable, first for his individual debts, and then for partnership claims; therefore firm creditors, the firm being insolvent, have a prior right to share in fund belonging to a partner, over creditors of a corporation in which the partner was interested.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 310, 316, 317; Dec. Dig. ☞181.]

3. BANKRUPTCY ☞351—CLAIMS—MARSHALING OF ASSETS.

   A partner, who was interested in a corporation, assigned to the trustee in bankruptcy of the corporation a fund due him. It had been the intention of the partnership to induce partnership creditors to agree to a novation, accepting the corporation as their debtor. Some of the partnership creditors did so, but others refused. The trustee in bankruptcy of the corporation took the fund as a stakeholder. The firm and partners also were insolvent. Held that, notwithstanding Bankr. Act July 1, 1898, c. 541, § 5, subd. "g," 30 Stat. 547 (Comp. St. 1913, § 9589), relating to proof of claims against partnership assets and individual assets, those firm creditors who did not accept the corporation as their debtor are entitled to priority; the section merely having relation to marshaling of assets.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 563, 564; Dec. Dig. ☞351.]

In Bankruptcy.  In the matter of the bankruptcy of Cobb's Consolidated Companies.  Petition by John C. Clapp, Jr., to share in certain

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

assets. On certificate of review after decree of the referee in favor of the trustee. Decree of referee vacated.

Stoneman, Gould & Stoneman, of Boston, Mass., for trustee.

John F. Neal, of Boston, Mass., for creditors.

MORTON, District Judge. This case involves somewhat intricate questions of marshaling assets between the bankrupt corporation and a partnership to the assets and liabilities to which it succeeded within four months preceding petitions in bankruptcy against both concerns. The material facts are as follows:

The partnership traded under two names, viz., Cobb's Boston Tea Company and C. D. Cobb & Bro. It was composed of three partners, of whom only one, Albert C. Aldrich, need be referred to. When the corporation, the present bankrupt, took over the assets of the partnership, it agreed to assume the debts thereof. This arrangement was concluded in October, 1913. On January 7, 1914, an involuntary petition in bankruptcy was filed against the corporation, and on January 20, 1914, another petition against the partnership and the individual partners. At that time Aldrich had a claim for money loaned against a third concern which was also in bankruptcy, amounting to about $30,000, on which, through subsequent composition proceedings, about $15,000 was paid, and which therefore may be considered as worth the latter sum. This claim Aldrich assigned, on or about December 16, 1914, to Charles B. Jopp, who on August 21st previous had been appointed the trustee in bankruptcy of the corporation. The assignment explicitly stated:

"The said Jopp, trustee as aforesaid, accepting and receiving said fund as trustee or stakeholder, the same to be held subject to the further order of this court without prejudice to the rights of any parties, either creditors of Cobb's Consolidated Companies, creditors of the partnership of Cobb's Boston Tea Company, and C. D. Cobb & Bro., with reference to the marshaling of said fund and the distribution thereof, the rights of all of said parties to be determined as of the dates of the filing of the respective petitions in bankruptcy."

This arrangement was substantially modified, as hereinafter noticed, by a later agreement dated February 15, 1915, between Jopp, trustee, and Aldrich, and the petitioning creditors in the bankruptcy case against the partnership. In accordance therewith, the $15,000 was paid to Jopp. Certain portions of it were paid out by him in accordance with the agreements, and are not now in question. There remains a balance of about $8,500, which he still holds, and which forms the subject-matter of the present controversy. It is claimed on the one side by the petitioners, who are creditors of the partnership who have not proved their claims against the corporation, and on the other by him as trustee in bankruptcy of the corporation, for distribution among its creditors. The matter was heard by Mr. Referee Olmstead, who found in favor of the trustee; and it is here on a certificate of review.

The first point, somewhat preliminary in character, urged by the trustee is that the petitioners are estopped from making the claim here presented, by reason of their having joined in the agreements above referred to. It is, however, clear upon the agreements that the

creditors reserved their rights against the fund in question, and that this point is not well taken.

[1] The petitioners, before proceeding here, brought a bill in equity in the state court to determine their rights in the fund. Proceedings thereon have been stayed pending the determination by this court, as to whether it has exclusive jurisdiction of the matter. The petitioners contend that the state court has jurisdiction, and that they have the right to proceed there. The fund, whoever may be ultimately entitled to it, was assigned to the trustee in bankruptcy of the corporation, and reduced to possession by him before the bill in equity in the state court was filed. It is in his hands now, and he claims it in his official capacity. Possession by a trustee in bankruptcy of property which he claims as a part of the estate suffices to give this court exclusive control and jurisdiction to determine the ownership of it. Collier on Bankruptcy (10th Ed.) p. 502, collecting cases. I therefore proceed to the merits of the controversy.

[2, 3] The only right which the corporation, or Jopp, as trustee in bankruptcy of it, has to the fund rests on the assignment which was made about 11 months after the filing of the involuntary petition on which the corporation was later adjudicated. At the time when the assignment was made, Aldrich owned the claim and still had power to deal with it. In his hands the fund would have been available, first, for his individual creditors, and, after their claims had been satisfied, for the creditors of the partnership. His individual indebtedness appears not to have amounted to enough to absorb it. The right of his individual creditors to priority was recognized; and I infer that the surplus now in Jopp's hands represents the sum not required for their claims.

The partnership was deeply insolvent; the firm assets, plus the individual assets of the partners, did not amount to enough to pay its indebtedness. The effect of the assignment was to give the benefit of the fund to such creditors of the partnership as had accepted, or should accept, the corporation as their debtor in place of the partnership. It also operated to give the benefit of the fund to such other creditors of the corporation as had come into existence after it began business and who were never creditors of the partnership. In other words, the present balance, which would otherwise have been an asset available to the partnership's creditors generally, was converted into an asset available only to a limited class of such creditors, and was further subjected to an additional class of claims, which seem, however, not to amount to enough to have been regarded as an important factor. The arrangement was unquestionably made in entire good faith in pursuance of a plan to settle all matters connected with the partnership through the corporation which had succeeded it, and to eliminate the partnership from the situation. The facts concerning the condition of the various concerns in question were known to all the parties; and they are fixed with notice that the effect of the arrangement would be as above stated. It is evident from the agreements that doubt was entertained as to its effect upon the rights of creditors of the partnership who had not accepted the corporation as their debtor. After

the assignment had been made, the bankruptcy petition brought by the present petitioner and others against the partnership was, in accordance with the provisions of the agreement, dismissed by consent. The supplemental agreement, dated February 15, 1915, in which the petitioner assented to the dismissal of that petition, explicitly provides that:

"* * * * The rights, if any, of said present creditors of said copartnership, in and to said funds, are to be determined in the same manner and to the same effect as though the petition in bankruptcy against said copartnership had not been dismissed and the copartnership had been adjudicated bankrupt thereunder, * * * it being the intention of this instrument to reserve and save to the present creditors of the copartnership doing business under the name and style of Cobb's Boston Tea Company and C. D. Cobb & Bro., other than those creditors whose claims are settled and adjusted or waived as aforesaid, each and every right, both at law and in equity, that they would have had in and to said fund had said petition against said copartnership not been dismissed."

If the partnership had been adjudicated and were being liquidated separate from the corporation, it seems clear that its creditors would be entitled to the benefit of this asset, and that it could not be transferred away from them, without consideration, after the filing of the petition. The learned referee was of opinion that:

"The petition against Cobb's Boston Tea Company having been dismissed, the relation of the partners to their creditors may be considered as if such petition had never been filed."

Apart from the agreements, this would be true. But these explicitly provide otherwise, and the rights of the parties must be determined in accordance with them. He was also of opinion that to allow this petition would be to work a preference in favor of the petitioner at the expense of other creditors of the partnership who have proved against the corporation. The petitioner is, in effect, acting for himself and all other creditors of the partnership, and is endeavoring to obtain the fund for distribution among the class so composed. They are not, in my opinion, deprived of that right because other persons, originally creditors of the partnership, chose to relinquish their hold upon it, and to accept in lieu thereof the liability of the corporation. Section 5, subdivision (g), referred to by the learned referee, relates to the marshaling of assets between the partnership estate and individual estates of the partners. It does not cover the questions here presented.

I therefore conclude that the fund should be administered for the benefit of the present petitioner and such other persons, if any, as are of right entitled to share therein as creditors of the partnership.

The decree entered by the referee is vacated. The petitioner may present a decree in accordance with this opinion.